■ In the Matter of the Estate of CHARLES F. DEVINE, Deceased. BERNARD McELLEN, Respondent; PATRICIA SMITH, as Executrix of the Estate of CHARLES F. DEVINE, Deceased, Appellant.—In a proceeding, *inter alia,* to compel the executrix of the estate of Charles F. Devine to render an accounting, the executrix appeals from an order of the Surrogate's

Court, Queens County (Laurino, S.), dated May 10, 1990, which denied her motion to dismiss the petition and directed her to file a formal judicial accounting with the court.

Ordered that the order is reversed, on the law, with costs payable by the respondent personally, the motion is granted, and the proceeding is dismissed.

The petitioner, a beneficiary of the decedent's estate, commenced this proceeding to compel the appellant to render an accounting with respect to certain real property formerly owned by the decedent. He alleged that the property constituted an asset of the decedent's estate and that the appellant, as executrix of the estate, had a fiduciary obligation to account for the rental income derived from the property as well as for the proceeds of its sale. The appellant moved to dismiss, *inter alia,* on the ground that prior to his death on September 15, 1967, the decedent had conveyed the subject premises to her. The Surrogate denied the motion. We reverse.

In support of her motion to dismiss, the appellant submitted a copy of a deed demonstrating that the decedent had conveyed his interest in the property to her on June 27, 1967, and that the deed had been duly recorded. This documentary evidence, the authenticity of which the petitioner has never challenged, established prima facie that the property was not an asset of the decedent's estate. The petitioner wholly failed to rebut this evidence. Rather, he merely responded to the deed with an affirmation of his counsel, who theorized without any factual substantiation that the decedent probably conveyed the property in an attempt to avoid some unspecified tax liability and most likely intended that any rental and sale proceeds of the home would be distributed to the beneficiaries of the estate. Inasmuch as the petitioner proffered nothing more than his attorney's raw speculation and conjecture to attack the deed, his submissions are inadequate to withstand the appellant's motion, and the proceeding must be dismissed. Since the subject property never was an estate asset, the appellant is under no obligation to account therefor.

In view of the foregoing, we need not consider the parties' remaining contentions. Mangano, P. J., Sullivan, Harwood and Pizzuto, JJ., concur.